**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **LINCOLN HOSPITALITY, INC. d/b/a** ) | |
| **WINGFIELD INN & SUITES** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| **V.** ) | |
| ) | |
| ) | |
| **ARCH SPECIALTY INSURANCE** ) | **CIVIL ACTION NO.** <u>3:19-CV-246-RGJ</u> |
| **COMPANY** ) | |
| ) | |
| **DEFENDANT** ) | |
| ) | |
| **SERVE:** ) | |
| **ARCH SPECIALTY INSURANCE COMPANY** ) | |
| **C/O CORPORATION SERVICE COMPANY** ) | |
| **REGISTERED AGENT** ) | |
| **421 WEST MAIN STREET** ) | |
| <u>**FRANKFORT, KY 40601**</u> ) | |

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, Lincoln Hospitality, Inc. d/b/a Wingfield Inn &
Suites, (hereinafter "Plaintiff"), and for its causes of action against Defendant, Arch
Specialty Insurance Company (hereinafter referred to as "Defendant"), does hereby allege
and state as follows:

## INTRODUCTION

This is a federal diversity action brought against the Defendant insurer of
Plaintiff's commercial premises. This Complaint sets forth causes of action for breach of
contract and bad faith related to Defendant's failure to pay, pursuant to the policy of

insurance, for damages due to hailstorm.

## JURISDICTION

A. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

B. The amount in controversy exceeds $75,000.

## VENUE

C. Venue is proper in this Court because Plaintiff's commercial premises is located in Hardin County, Kentucky, and the insurance policy in question was written in and covers the premises in Hardin County, Kentucky.

## PARTIES

1. Plaintiff is situated in Elizabethtown, Hardin County, Kentucky. Plaintiff has an insurable interest in all property located at 1043 Executive Drive, Elizabethtown, Kentucky 42701 (hereinafter referred to as the "Covered Property").

2. Defendant is an insurance company incorporated under the laws of the State of Missouri, with its principal place of business in Missouri, and is registered to engage in the business of insurance in Kentucky.

## FACTS

3. Pursuant to the Service of Suit Endorsement in the commercial policy of insurance, Policy No. WHPKG0045900 (hereinafter referred to as the "Policy"), service of process for an action, suit or proceeding may be made upon: General Counsel, Arch Insurance Group, Inc., One Liberty Plaza, 53rd floor, New York, NY 10006. A complete copy of the Policy provided by Defendant is attached as Exhibit 1.

4. Plaintiff entered into a contract for insurance with Defendant to provide

replacement cost coverage for its Property.  Plaintiff's insured property is located in Hardin County, Kentucky.

5.     Defendant issued the Policy to the Plaintiff which was in effect from November 23, 2016 through November 23, 2017 (hereinafter the "Policy Period").

6.     Defendant represented to Plaintiff it would conduct itself in accordance with Kentucky law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

7.     During the Policy Period, the Covered Property was severely damaged as a direct result of a Covered Cause of Loss.

8.     Plaintiff timely and properly submitted a claim to Defendant for the direct physical loss of or damage to Covered Property incurred due to the Covered Cause of Loss during the Policy Period.

9.     Defendant confirmed the Covered Cause of Loss to Plaintiff's Property was due to a hailstorm and the loss was covered under the terms and conditions of the Policy with Defendant.  Thereafter, Defendant assigned a date of loss of April 5, 2017, and assigned a claim number of WAHM-0310A9.

### CAUSE OF ACTION I
### BREACH OF CONTRACT

10.    Plaintiff adopts and incorporates by reference paragraphs 1 through 9 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

11.    Plaintiff entered into a contract for insurance with Defendant to provide coverage for the Covered Property, business loss, and business personal property.

12.    At all times material hereto, the Policy, No. WHPKG0045900, was in full force and effect.

13. Plaintiff provided timely and proper notice of its claim for all covered damages resulting from the Covered Cause of Loss during the Policy Period.

14. Plaintiff has complied with the terms, conditions and all conditions precedent under the Policy.

15. As to the Covered Cause of Loss that underlies Plaintiff's claim, Defendant retained York Risk Services Group, Inc., as their authorized representative to conduct a field investigation of the Plaintiff's claim.

16. Defendant also retained Haag Engineering to inspect the Covered Property.

17. Based on an improper investigation and inspection of the loss by York Risk Service Group, Inc., and/or Haag Engineering the Defendant wrongfully concluded that the total damages incurred by Plaintiff were $45,741.50. *See* Exhibits 2 & 3 attached.

18. Conversely, Plaintiff retained Disaster Response Group which confirmed the cost to repair those losses to Covered Property covered by the Policy total One Million Seven Hundred Eighty-Eight Thirty-Seven 33/100 dollars ($1,788,037.33). A complete copy of the Disaster Response Group estimate was previously provided to Defendant and is attached hereto as Exhibit 4.

19. Plaintiff also retained Structural Engineering and Inspection which concluded the Covered Property sustained substantially more storm damage than was identified by Haag Engineering. A complete copy of the Structural Engineering and Inspection report is attached hereto as Exhibit 5.

20. By failing to fully indemnify Plaintiff for losses covered by the Policy and failing to pay Plaintiff all benefits owed, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff.

21.   Defendant's conduct is the proximate cause of Plaintiff's damages.

22.   As a result of the Defendant's breach of contract, Plaintiff has sustained financial losses.

23.   As a result of Defendant's breach of contract and other wrongful conduct, Plaintiff has been damaged in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs and interest.

## CAUSE OF ACTION II
## BAD FAITH

24.   Plaintiff adopts and incorporates by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

25.   Defendant owes a duty to Plaintiff to deal fairly and act in good faith.

26.   Defendant breached the duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay Plaintiff's claim.

27.   Defendant's obligations to Plaintiff arise from both express written terms under the Policy as well as implied obligations under Kentucky law.

28.   Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with Plaintiff and constitutes bad faith.

29.   Defendant's misrepresentations of the terms of the Policy constitute a violation of Defendant's obligation to treat Plaintiff in good faith and fairly under Kentucky law.

30.   Defendant owes for all direct physical loss of or damage to the Covered Property resulting from any Covered Cause of Loss not otherwise limited or excluded by the express terms of the Policy.

31.   Defendant ignored direct physical loss of or damage to Covered Property under the

Policy for financial gain.

32.     As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated by incompetent and unqualified individuals, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendants, and to the damage and detriment of Plaintiff.

33.     Upon information and belief, Defendant engages in a profit-sharing program that provides financial incentives to its employees to underpay and/or deny claims.

34.     As a result of Defendant's conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs and interest.

35.     The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

36.     The amount of punitive damages sought to be recovered for Plaintiffs' Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing count is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

37.     Plaintiff further alleges Defendant benefited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described.

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant as follows:

1.  Compensatory damages consisting of payment of all contractual benefits

for all coverages afforded to Plaintiff under the subject Policy resulting from the Covered Cause of Loss during the Policy Period, together with interest on all amounts due;

2.   Punitive damages in an amount sufficient to punish the Defendant for its reckless and malicious conduct and to deter such conduct by Defendant and others in the future;

3.   Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

4.   Pre-judgment and post-judgment interest at a rate of 8% per annum, costs, statutory attorneys' fees, and any other relief deemed equitable and just.

Respectfully submitted,

*/s/  Joe F. Childers*
JOE F. CHILDERS
BETHANY N. BAXTER

**JOE F. CHILDERS & ASSOCIATES**
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky 40507
Phone: (859) 253-9824
Fax: (859) 258-9288
Joe@Jchilderslaw.com
Bethany@Jchilderslaw.com

**COUNSEL FOR PLAINTIFF**