UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**Electronically filed**

| | | |
|---|---|---|
| LINCOLN HOSPITALITY, INC. d/b/a | ) | |
| WINGFIELD INN & SUITES | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-cv-00246-RGJ |
| | ) | |
| ARCH SPECIALTY INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER

Come the Defendant, Arch Specialty Insurance Company ("Arch"), by counsel, and, for its Answer to Plaintiff's Complaint, states as follows:

1.      The statements contained in the "INTRODUCTION" section of Plaintiff's Complaint are rhetorical in nature and need not be admitted or denied.

2.      Arch admits the material allegation contained in paragraphs A, B and C of Plaintiff's Complaint.

3.      Arch is without sufficient information to admit or deny the material allegations contained in numerical paragraph 1 of Plaintiff's Complaint and therefore denies same.

4.      Arch admits the material allegation contained in numerical paragraph 2 of

Plaintiff's Complaint.

5.      With respect to numerical paragraph 3 of Plaintiff's Complaint, Arch admits that Exhibit 1 appears to be a copy of the policy in question.  Arch further states that said policy speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with said policy.

6.      With respect to numerical paragraph 4 of Plaintiff's Complaint, Arch admits that it entered into a contract for insurance with Plaintiff.  Arch further states that said policy speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with said policy.

7.      With respect to numerical paragraphs 5 and 6 of Plaintiff's Complaint, Arch states that the policy speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraphs which are inconsistent with said policy.

8.      Arch is without sufficient information to admit or deny the material allegations contained in numerical paragraphs 7 and 8 of Plaintiff's Complaint and therefore denies same.

9.      With respect to numerical paragraph 9 of Plaintiff's Complaint, Arch admits that it assigned a date of loss of April 5, 2017 and that a claim number of WAHM-0310A9 was assigned.  Arch is without sufficient information to admit mor deny the remaining material allegations contained in said paragraph and therefore denies same.

10.      With respect to numerical paragraph 10 of Plaintiff's Complaint, Arch restates

and incorporates by reference herein its responses to numerical paragraphs 1-9 of Plaintiff's Complaint.

11.     With respect to numerical paragraph 11 of Plaintiff's Complaint, Arch admits that it entered into a contract for insurance with Plaintiff.  Arch further states that said policy speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with said policy.

12.     Arch is without sufficient information to admit or deny the material allegations contained in numerical paragraphs 12, 13 and 14 of Plaintiff's Complaint and therefore denies same.

13.     With respect to numerical paragraph 15 of Plaintiff's Complaint, Arch admits that it retained York Risk Services Group to investigate Plaintiff's claim.  Arch is without sufficient information to admit or deny the remaining material allegations contained in said numerical paragraph and therefore denies same.

14.     Arch admits the material allegations contained in numerical paragraph 16 of Plaintiff's Complaint.

15.     Arch denies the material allegations contained in numerical paragraph 17 of Plaintiff's Complaint.

16.     Arch is without sufficient information to admit or deny the material allegations contained in numerical paragraphs 18 and 19 of Plaintiff's Complaint and therefore denies same.

17.     Arch denies the material allegations contained in numerical paragraphs 20,

21, 22 and 23 of Plaintiff's Complaint.

18.     With respect to numerical paragraph 24 of Plaintiff's Complaint, Arch restates and incorporates by reference herein its responses to numerical paragraphs 1-23 of Plaintiff's Complaint.

19.     With respect to numerical paragraph 25 of Plaintiff's Complaint, Arch states that the applicable law speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with the applicable law.

20.     Arch denies the material allegations contained in numerical paragraph 26 of Plaintiff's Complaint.

21.     With respect to numerical paragraph 27 of Plaintiff's Complaint, Arch states that the applicable law speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with the applicable law.

22.     Arch denies the material allegations contained in numerical paragraphs 28 and 29 of Plaintiff's Complaint.

23.     With respect to numerical paragraph 30 of Plaintiff's Complaint, Arch states that the policy speaks for itself and is the best evidence of its contents.  Arch denies any remaining allegations contained in said paragraph which are inconsistent with said policy.

24.     Arch denies the material allegations contained in numerical paragraphs 31, 32, 33, 34 and 35 of Plaintiff's Complaint.

25.     Arch is without sufficient information to admit or deny the material allegations contained in numerical paragraph 36 of Plaintiff's Complaint and therefore denies same.

26.     Arch denies the material allegations contained in numerical paragraph 37 of Plaintiff's Complaint.

27.     All remaining allegations and averments contained in Plaintiff's Complaint, not expressly admitted or addressed above are hereby specifically denied.

28.     Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief may be granted.

29.     To the extent supported by proof at trial, the Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

30.     The defenses, terms, provisions, conditions and limitations contained in the policy are hereby adopted, incorporated and pled by reference herein.

31.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, unclean hands, and by Plaintiff's own breaches of contract.

32.     The defenses, terms, provisions, conditions and limitations contained in Kentucky's Unfair Claims Settlement Practices Act and associated statutes are hereby adopted, incorporated and pled by reference herein.

33.     Plaintiff's claims for punitive damages are barred because punitive damages are not compensatory, and so under KRS 446.070, are not recoverable.

34.     Regarding Plaintiffs' claims for punitive damages, the terms, provisions,

limitations and requirements of KRS 411.184 and 186 are hereby adopted, incorporated, and pled by reference herein.

35.     To the extent the Plaintiff is claiming an entitlement to punitive damages, such claim, in whole or in part, violates the laws and Constitutions of the United States and the Commonwealth of Kentucky and as a result, said claim should be held for naught or, in the alternative, any recovery of punitive damages by the Plaintiff, the entitlement to which must be expressly proved by the Plaintiff, should be reduced accordingly. Specifically, the imposition of punitive or exemplary damages against Arch would violate its constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments, the excessive fines clause in the Eighth Amendment, and the double jeopardy clause in the Fifth Amendment, of the Constitution of the United States, and similar provisions in the applicable Kentucky Constitution, and/or the common law or public policies of the Commonwealth of Kentucky, and/or applicable statutes and court rules in the circumstance of this litigation, including, but not limited to:

a)     Imposition of such punitive damages by a jury which (1) has not been provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damage award, (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining an amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, wealth, or state of residence of Arch,

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible, and (5) is not subject to the trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards;

b)      Imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise and/or inconsistent;

c)      Imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d)      Imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive issues only if and after the liability of Arch has been found on the merits;

e)      Imposition of such punitive damages, and determination of the amount of an award thereof, under the law of the Commonwealth of Kentucky subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount;

f)      Imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Arch's conduct in connection with the matters alleged in this litigation, its effect on the Plaintiff in this case, or in any

other way subjecting Arch to impermissible multiple punishment for the same alleged wrong;

g)      Imposition of such punitive damages, and determination of the amount of an award thereof, without notice to Arch that the conduct complained of could lead to the imposition of liability for punitive damages;

h)      Imposition of such punitive damages, and determination of the amount of an award thereof, that takes into consideration wealth of Arch derived from conduct that has not occurred within Kentucky; and/or

i)      Imposition of such punitive damages, and determination of the amount of an award thereof, for liability of Arch for conduct not occurring within Kentucky, especially where that conduct may not be wrongful, or create a right of action, in other jurisdictions.

36.     Arch hereby reserves the right to assert any and all other defenses and/or claims as discovery and investigation in this matter continues.

WHEREFORE, the defendant, hereby respectfully demands as follows:

1.      Dismissal of all claims against it, with prejudice;

2.      Its costs herein expended;

3.      Trial by jury on all issues so triable; and

4.      Any and all other relief, legal or equitable, to which it appears entitled.

Respectfully submitted,

s/James C. Wade
William B. Orberson
James C. Wade
PHILLIPS, PARKER, ORBERSON & ARNETT, PLC
716 W. Main Street, Suite 300
Louisville, KY 40202
Phone:          502-583-9900
Fax:             502-587-1927
worberson@ppoalaw.com
jwade@ppoalaw.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed this document through

the ECF system, which will send a notice of electronic filing to:

Joe F. Childers
JOE F. CHILDERS & ASSOCIATES
The Lexington Building
201 West Short Street, Suite 300
Lexington, Kentucky 40507
childerslaw81@gmail.com

s/James C. Wade

-9-